MEMORANDUM *
*930 We agree with the tax court that Marcia Green is required to pay income tax on statutory attorneys’ fees awarded under the California Fair Employment and Housing Act (“FEHA”). Although factually different, the reasoning of Sinyard v. Commissioner, 268 F.3d 756 (9th Cir.2001), controls the outcome in this case. Sinyard had a contingency-fee agreement with his counsel and later settled his case, allocating a third of the settlement for payment of statutory attorneys’ fees pursuant to 29 U.S.C. § 626(b). Id. at 757. This court reasoned that the payment by the employer to the attorney satisfied Sin-yard’s contractual obligation and thus was income to Sinyard as a discharge of indebtedness. Id. at 758-59.
Here, Green either (1) had a de facto contingency fee arrangement with Mr. Faust to pay him forty percent of her recovery (as the tax court found), or (2) in the absence of an agreement, was deemed under California law “to have promised to pay the attorney the reasonable value of the services performed in his behalf and with his consent and knowledge.” Flan-nery v. Prentice, 26 Cal.4th 572, 589, 110 Cal.Rptr.2d 809, 28 P.3d 860 (2001) (internal quotations and alterations omitted). Therefore, as in Sinyard, Green’s employer’s payment to her attorney (whether court-ordered or not) reduced her own payment obligation accordingly and was thus constructively received by Green.
Sinyard is not distinguishable merely because this ease involves the FEHA, which treats the fees as belonging to the attorney who earned them. Flannery, 26 Cal.4th at 590, 110 Cal.Rptr.2d 809. Sin-yard’s discharge of indebtedness rationale operates independently of the underlying statute. 268 F.3d at 758-59. Moreover, Flannery dealt with entitlement, not taxa-bility. Finally, as the Supreme Court noted in a somewhat related context, even state laws that purport to give attorneys an ownership interest in their fees do not materially alter the principal/agent relationship of the attorney and client, so that the client need not recognize the income. Commissioner v. Banks, 543 U.S. 426, 437, 125 S.Ct. 826, 160 L.Ed.2d 859 (2005).
Thus, although we are sympathetic to Green, as we noted in Sinyard, the unfairness stems entirely from the operation of the alternative minimum tax, and we cannot “change the basic rules of income tax in order to correct this result.” 268 F.3d at 759.
With respect to the accuracy-related penalty for substantially understating the amount of tax owed, 26 U.S.C. § 6662, we reverse and remand for further findings. Reliance on the advice of a tax professional may demonstrate reasonable cause for an understatement of tax, if the reliance was reasonable and in good faith. 26 C.F.R. § 1.6664-4(b)(l).
Testimony revealed that Green and her husband sought tax advice from both Mr. Faust and Mr. Wood. Yet the tax court decision considers the advice from Mr. Wood in isolation, apparently ignoring the tax information Green received from Mr. Faust and possibly also Mr. Faust’s testimony that he provided Mr. Wood with necessary documents on Green’s behalf. On remand, the court should consider whether Green’s reliance was reasonable in light of the totality of the circumstances, including the aggregate advice she received from Mr. Faust and Mr. Wood. See 26 C.F.R. § 1.6664-4(b)(l) (reliance on practitioner may be reasonable cause for understatement if “under all the circumstances” the reliance was reasonable and taxpayer acted in good faith). The court may receive additional testimony or evidence in order to assist its determination.
*931 AFFIRMED IN PART; REMANDED IN PART. Each party to bear its own costs on appeal.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.